UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| OTIS ARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4161 |
| | ) | |
| WILLIAM EPPERSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## **MERIT REVIEW ORDER**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

In reviewing the complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state a

claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that Defendant Epperson placed him in more restrictive housing pending an investigation into property Plaintiff had received from outside the facility that officials believed may have contained illegal substances. Plaintiff alleges this was done because he wrote the governor about active shooter and earthquake drills Defendant Epperson attempted to run at the facility, and because he otherwise has "been fighting [Defendant Epperson's] policies since he got here." Plaintiff alleges that he remained so housed following a Behavioral Committee hearing and after he was cooperative with an Illinois State Police investigation. Plaintiff alleges that he does not have access to his property, legal materials, phone calls, dayroom, or the recreation yard, and that the Kosher diet he receives contains less than 1000 calories per day.

Officials may temporarily house detainees in more restrictive housing pending an investigation into unlawful activity. *Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir. 2005). The deprivations Plaintiff alleges in restrictive housing typically do not trigger due process concerns, *see Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011), but the hearing appears to have satisfied any procedural protections arising from this classification. No plausible inference arises that the officials Plaintiff named as defendants are responsible for the contents of a Kosher diet. *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) ("Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, liability does not attach unless the individual defendant caused or participated in a constitutional deprivation.").

Plaintiff does not provide sufficient information regarding the timing, nature, and content of his complaints to support a plausible inference that Defendant Epperson violated his First Amendment rights. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018) (To prevail on a

retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action); *Manual v. Nalley*, 966 F.3d 678, 681 (7th Cir. 2020) (suspicious timing is not enough to establish link between protected speech and adverse conduct); *Dorsey v. Williams*, 2022 WL 337192 (7th Cir. 2022) (dismissal of retaliation claim at screening stage appropriate where plaintiff failed to allege connection between speech and adverse conduct).

Plaintiff also has not alleged sufficient information to permit an inference that the denial of access to legal material has prejudiced his ability to pursue an otherwise meritorious legal claim. *See Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006) (plaintiff alleging access-to-the-courts claim must show that the denial prejudiced an otherwise meritorious legal claim); *Stathas v. Smith*, 795 F. App'x 470, 471-72 (7th Cir. 2020) (the possibility that a litigant may suffer adverse rulings in other litigation is not sufficient to state an access-to-the-courts claim).

The Court finds that Plaintiff fails to state a claim upon which relief can be granted. The Court grants Plaintiff leave to file an amended complaint consistent with the instructions below to provide the Court with any additional information he wishes the Court to consider.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Plaintiff shall have 30 days from the entry of this order to file an amended complaint. Failure to file an amended complaint will result in the dismissal of this case, without prejudice, for failure to state a claim. Plaintiff's amended complaint will replace Plaintiff's original complaint in its entirety. The amended complaint must contain all allegations against all Defendants. Piecemeal amendments are not accepted.**

2) **Plaintiff's motion for counsel [4] is denied, with leave to renew upon demonstrating that he made attempts to hire his own counsel. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007). This typically requires writing to several lawyers and attaching the responses. If Plaintiff renews his motion, he should set forth how far he has gone in school, any jobs he has held inside and outside of prison, any classes he has taken in**

**prison, and any prior litigation experience he has.**

Entered this 26th day of January, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE
