UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| OTIS ARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4161 |
| | ) | |
| WILLIAM EPPERSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>ORDER</u>**

The Court's Merit Review Order dismissed Plaintiff's complaint with leave to renew pursuant to 28 U.S.C. § 1915A. (Doc. 7). The Court found that Plaintiff failed to allege facts permitting a plausible inference that officials at Rushville Treatment and Detention Facility ("TDF") retaliated against him for exercising his First Amendment rights, denied him access to the courts, and violated his Fourteenth Amendment procedural due process rights. The matter is before the Court for ruling on Plaintiff's motion for reconsideration. (Doc. 8).

Plaintiff asks the Court to reconsider its finding that he failed to state a First Amendment retaliation claim against Defendant Epperson, the TDF Security Director. "[D]istrict judges may reconsider interlocutory orders at any time before final judgment." *Terry v. Spencer*, 888 F.3d 890, 893 (7th Cir. 2018). "Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

Plaintiff alleged in his complaint that TDF officials placed him in restrictive housing pending an investigation into items he had received from outside the facility. According to Plaintiff, outside investigators did not tell Defendant Epperson that he had done nothing wrong

until after TDF officials had placed him in the restrictive housing. Plaintiff alleged that he remained so housed after the Behavioral Committee, comprised of three non-defendant TDF officials, conducted a disciplinary proceeding that apparently did not end favorably for Plaintiff. Plaintiff alleged that he remained in the restrictive housing for at least one year.

As stated in the Court's Merit Review Order, Plaintiff did not allege sufficient facts regarding the timing, nature, and content of his allegedly protected activity to support a plausible inference that Defendant Epperson violated his First Amendment rights. (Doc. 7 at 2-3). Plaintiff has not shown how the Court misconstrued his allegations or misapplied the applicable law.

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Reconsideration [8] is DENIED.**

2) **Plaintiff is granted leave to file an amended complaint within 30 days of this Order as directed in the Court's Merit Review Order. Failure to file an amended complaint will result in dismissal of this case with prejudice.**

3) **Clerk is directed to send Plaintiff a blank complaint form.**

Entered this 13th day of July, 2023.

                                                *s/Sara Darrow*
                                                SARA DARROW
                                       CHIEF U.S. DISTRICT JUDGE