UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | | |
|---|---|---|
| OTIS ARRINGTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 22-4161 |
| | ) | |
| WILLIAM EPPERSON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MERIT REVIEW ORDER #2</u>**

Plaintiff, proceeding pro se, a civil detainee at the Rushville Treatment and Detention Facility ("TDF" or "Rushville") is requesting leave to proceed under a reduced payment procedure for indigent plaintiffs who are institutionalized but are not prisoners as defined in 28 U.S.C. Section 1915(h).

The "privilege to proceed without posting security for costs and fees is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.,* 461 F.2d 649, 651 (7th Cir. 1972). A court must dismiss cases proceeding *in forma pauperis* "at any time" if the action is frivolous, malicious, or fails to state a claim, even if part of the filing fee has been paid. 28 U.S.C. § 1915(d)(2). This Court grants leave to proceed *in forma pauperis* only if the complaint states a federal action.

Plaintiff filed a motion for leave to file an amended complaint. (Doc. 11). The motion is granted. In reviewing the amended complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient. Enough facts must be provided to "state

a claim for relief that is plausible on its face." *Alexander v. U.S.*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff alleges that TDF officials placed him in more restrictive confinement for 16 days following an incident that occurred around Halloween 2022. The incident involved a medical reaction a TDF employee had at or near the time Plaintiff retrieved his mail. According to Illinois State Police reports, the photographs in Plaintiff's mail contained an "illicit substance" similar to that found in "nitroglycerin pills used for relaxing the blood vessels" and several other non-illicit substances. (Doc. 11-1 at 24). Illinois State Police officials interviewed Plaintiff on November 1, 2022, and the individual who had sent the photographs on November 3, 2022. (Doc. 11-1 at 21). Illinois State Police did not issue the report regarding the latter interview until November 14, 2022. *Id.*

Plaintiff alleges that the fire marshal and state police investigator told TDF officials approximately one hour after the incident that "there were no drugs or dangerous chemicals found in the envelope containing [his] photographs, nor was there any powder of any kind," and that no criminal charges would be filed. (Doc. 11 at 6). Despite these statements, Plaintiff alleges that TDF officials housed him in more restrictive confinement where he lost "all privileges" while so confined, including yard, commissary, television, and other electronics, and that they confiscated his outgoing mail.

The TDF Behavioral Committee held at least five hearings or meetings related to Plaintiff's confinement during the relevant period, at least one of which Plaintiff refused to attend after informing officials that "[i]f I'm not here for a hearing, then don't call me no more." (Doc. 11-1 at 10). They provided notice to Plaintiff of the hearings, read aloud his statement regarding these events, and provided their decisions in writing.

Officials may temporarily house detainees in more restrictive housing pending an investigation into activity that violates facility rules. *Holly v. Woolfolk*, 415 F.3d 678, 680 (7th Cir. 2005). The conditions and loss of privileges Plaintiff alleges while so detained do not permit a reasonable inference that he suffered the type of deprivation necessary to trigger due process concerns. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Miller v. Dobier*, 634 F.3d 412, 414-15 (7th Cir. 2011) ("Disciplinary measures that do not substantially worsen the conditions of confinement of a lawfully confined person are not actionable under the due process clause."); *Brown v. Scott*, 720 F. App'x 296, 298 (7th Cir. 2017) ("We have already held that a detainee placed in Rushville's [more restrictive confinement] does not lose liberty within the meaning of the Due Process Clause."). The hearings TDF officials provided satisfied any process that was due Plaintiff resulting from the alleged events. *Wolff v. McDonnell*, 418 U.S. 539, 554 (1974).

The Court finds that Plaintiff fails to state a procedural due process claim. Plaintiff's allegations that TDF officials retaliated against him because he "stood up" to Defendant Epperson are also too general for the Court to find that he states a First Amendment retaliation claim. *Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018) (To prevail on a retaliation claim, the Plaintiff must show that he engaged in activity protected by the First Amendment; he suffered a deprivation that would likely deter First Amendment activity in the future; and the First Amendment activity motivated the decision to take retaliatory action); *Manual v. Nalley*, 966 F.3d 678, 681 (7th Cir. 2020) (suspicious timing is not enough to establish link between protected speech and adverse conduct); *Dorsey v. Williams*, 2022 WL 337192 (7th Cir. 2022) (dismissal of retaliation claim at screening stage appropriate where plaintiff failed to allege connection between speech and adverse conduct).

**IT IS THEREFORE ORDERED:**

1) Plaintiff's Petition to Proceed in forma pauperis [3] is DENIED.

2) Plaintiff's Motion for Leave to File Amended Complaint [11] is GRANTED. Clerk is directed to docket the proposed amended complaint attached to Plaintiff's motion.

3) Plaintiff's amended complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. § 1915A. Any amendment to the Complaint would be futile. This case is therefore terminated. All pending motions are denied as moot. The clerk is directed to enter a judgment pursuant to Fed. R. Civ. P. 58.

4) If Plaintiff wishes to appeal this dismissal, he must file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis should set forth the issues Plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.

Entered this 26th day of September, 2023.

*s/Sara Darrow*
SARA DARROW
CHIEF U.S. DISTRICT JUDGE